

215458

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 2 6 2005

CLERK, U.S. DISTRICT COURT
By _____
        *Deputy*

|  |  |
|---|---|
| FM HOLDINGS, LLC,<br>f/k/a Forward Market, LLC<br><br>        Plaintiff<br><br>v.<br><br>BILL MAHONEY AND<br>STEPHEN GREGORIO<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**305 CV 0166 - G**

C.A. No. __ _____

# ORIGINAL

## NOTICE OF REMOVAL

Defendants Bill Mahoney and Stephen Gregorio (collectively, the "Defendants"),

pursuant to 28 U.S.C. § 1441(a), hereby file this Notice of Removal of the action currently

pending in the 14th Judicial District of Dallas County, Texas, captioned as <u>FM Holdings, LLC</u>

<u>f/k/a Forward Market, LLC v. Bill Mahoney and Stephen Gregorio</u>, Case No. 04-12672-A (the

"Civil Action"), to the United States District Court for the Northern District of Texas, Dallas

Division. In support hereof, the Defendants state as follows:

    1.     On or about December 27, 2004, the Plaintiff caused a Citation and Original

Petition in the Civil Action to be served on the Defendants. True and accurate copies of the

Docket Sheet, Judge's Docket, Original Petition, Special Appearance to Present Motion

Objecting to Jurisdiction, and Affidavit of William T. Mahoney are attached hereto as

Exhibits A(1-5).

    2.     At the time the Civil Action was filed and served, Defendant Gregorio was, and

is, a citizen of Massachusetts.

    3.     At the time the Civil Action was filed and served, Defendant Mahoney was, and

is, a citizen of Massachusetts.

4. At the time the Civil Action was filed and served, Plaintiff alleged in the Original Petition that it was a Texas limited liability company with its principal place of business in Dallas County, Texas.

5. This Court has jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

6. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), within thirty (30) days of service of the Citation and Original Petition and within one (1) year from the date of commencement of the Civil Action.

7. Pursuant to Local Rule 81.1, within thirty (30) days the Defendants will file with this Court certified or attested copies of all records, proceedings, and docket entries in the Civil Action.

WHEREFORE, the Defendants respectfully request that the Civil Action be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

SHANNON, GRACEY, RATLIFF & MILLER, L.L.P.
777 Main Street, Suite 3800
Fort Worth, Texas 76102
(817) 336-9333 Telephone
(817) 336-3735 Facsimilie

Thomas J. Fisher
State Bar Card No.: 07064500

**ATTORNEYS FOR DEFENDANT
STEPHEN GREGORIO**

2

ASSENT TO REMOVAL:

**HOLMAN, ROBERTSON ELDRIDGE**
5949 Sherry Lane, Suite 1700
Dallas, Texas 75225
(214) 361-9494  Telephone
(214) 691-2109  Facsimile

By: _____
    Charles R. Biddle
    State Bar Card No.: 02299300
    Ronald O. Holman
    State Bar Card No.: 00903600


**ATTORNEYS FOR DEFENDANT
BILL MAHONEY**


3

A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| FM HOLDINGS, LLC,<br>f/k/a Forward Market, LLC<br><br>Plaintiff<br>v.<br><br>BILL MAHONEY AND<br>STEPHEN GREGORIO<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. _____ |

## INDEX

1.  Docket Sheet for Cause No. 04-12672-A, 14th District Court, Dallas County, Texas

2.  Judge's Docket for Cause No. 04-12672-A, 14th District Court, Dallas County, Texas

3.  Plaintiff's Original Petition filed December 20, 2004 in Cause No. 04-12672-A, 14th District Court, Dallas County, Texas

4.  Special Appearance to Present Motion Objecting to Jurisdiction filed January 14, 2005 in Cause No. 04-12672-A, 14th District Court, Dallas County, Texas

5.  Affidavit of William T. Mahoney filed January 14, 2005 in Cause No. 04-12672-A, 14th District Court, Dallas County, Texas

| PLAINTIFF NAME | PLAINTIFF ATTORNEY | FILE DATE | CASE NO. |
|---|---|---|---|
| FM HOLDINGS LLC FKA | MILLIMET R | 12/20/04 | 04-12672-A |
| | 24025538 | | |

| DEFENDANT NAME | DEFENDANT ATTORNEY | TYPE OF CASE |
|---|---|---|
| MAHONEY BILL ETAL | BIDDLE C | DAMAGES |
| | 02299300 | |

| DISPOSITION | COST AGAINST | DATE | REFERENCE | JUDGEMENT AMT |
|---|---|---|---|---|
| | TRUST FUND BALANCE | STATUS | | |
| | | ACTIVE | | |

| PLAINTIFF NAME | PLAINTIFF ATTORNEY | | | FILE DATE | | CASE NO. |
|---|---|---|---|---|---|---|
| FM HOLDINGS LLC FKA | MILLIMET R | | | 12/20/04 | | 04-12672-A |

| TRANS DT | TRANS DESCRIPTION | REFRNCE | P/D | CD | NON-FEE | DEPOSITS | CHARGES |
|---|---|---|---|---|---|---|---|
| 12/20/04 | SCHEEF & STONE LLP | 11516 | P | 10 | | 196.00 | |
| 12/20/04 | STATE INDIGENCE | | P | 12 | | | 10.00 |
| 12/20/04 | DC RECORDS MGT FEE | | P | 17 | | | 5.00 |
| 12/20/04 | CONTINGENCY FUND | | P | 24 | | | 5.00 |
| 12/20/04 | SECURITY FEE | | P | 26 | | | 5.00 |
| 12/20/04 | RECORD MGT FEE | | P | 27 | | | 5.00 |
| 12/20/04 | CIT & COP  ATTY | | P | 31 | | | 8.00 |
| 12/20/04 | CIT & COP  ATTY | | P | 31 | | | 8.00 |
| 12/20/04 | CLERKS FEE | | P | 31 | | | 50.00 |
| 12/20/04 | COURT RPT SVC FEE | | P | 33 | | | 15.00 |
| 12/20/04 | LAW LIBRARY FUND | | P | 36 | | | 15.00 |
| 12/20/04 | APPELLATE FUND | | P | 52 | | | 5.00 |
| 12/20/04 | STATE JUDICIAL FEE | | P | 53 | | | 40.00 |
| 12/20/04 | MEDIATION FUND | | P | 55 | | | 10.00 |
| 12/20/04 | FACILITY FEE | | P | 60 | | | 15.00 |
| 1/14/05 | AFFIDAVIT | | D | 31 | | | |
| 1/14/05 | SPEC APPR/OBJ/JURIS | | D | 31 | | | |
| 1/18/05 | RET CIT MIDDLESEX | | P | 51 | 85.00 | | |
| 1/18/05 | RET CIT PAID | | P | 59 | 85.00- | | |

```
                        ***** CASE TOTALS *****

TOTAL GROSS CASE COSTS            281.00    NON-FEE ACCTS.               .00

                                            COUNTY DEPOSITS           196.00

                                            COUNTY CHARGES            196.00

                          CASE BALANCE              .00
¢CT10 3
```



LEVEL *2*

# JUDGE'S DOCKET,    14TH DISTRICT COURT      MEDIATOR: _____

| Action: | DAMAGES | | Filing: | 12-20-04 | | No. | 04-12672-A |
|---|---|---|---|---|---|---|---|

| PARTIES | ATTORNEYS |
|---|---|
| FM HOLDINGS LLC FKA | MILLIMET ROBERT   24025538<br>5956 SHERRY LANE *, Ste 140*<br>DALLAS        TX  75225<br>214 373 1900<br>*214-706-4200*<br>*214-706-4242 (fax)* |
| **VS.**<br>1 MAHONEY BILL ETAL<br>2 GREGORIO STEPHEN | |

*1. Charles R. Biddle 02299300*
*5949 Sherry Lane, Ste 1700*
*Dallas, TX 75225*
*214 361 9494 / 691-2109 Fax*

| JURY DEMAND | | | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE PAID BY | VOL. | PAGE | | | | | | | | | | |

**REPORTED HEARING**

| DATE | WIT. | EX. | RPTR | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

| DISPOSITION | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| To fed court ⬜ | | | | | | | | | | | |
| To another county ⬜ | | | | | | | | | | | |
| D.W.P. ⬜ | | | | | | | | | | | |
| Nonsuit ⬜ | | | | | | | | | | | |
| Default ⬜ | | | | | | | | | | | |
| Agreed Jgt ⬜ | | | | | | | | | | | |
| Summary Jgt ⬜ | | | | | | | | | | | |
| Ex parte Jgt ⬜ | | | | | | | | | | | |
| Nonjury trial ⬜ | | | | | | | | | | | |
| Jgt on verdict ⬜ | | | | | | | | | | | |
| Dir verd or NOV ⬜ | | | | | | | | | | | |
| Other disposition ⬜ | | | | | | | | | | | |

| JURY ACTIVITY | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Voir dire | | | | | | | | | | |
| Jury sworn | | | | | | | | | | |
| Ev to jury | | | | | | | | | | |
| Mistrial | | | | | | | | | | |
| Hung jury | | | | | | | | | | |
| Dis'rged | | | | | | | | | | |
| Verdict | | | | | | | | | | |

3

CAUSE NO. _____

| | | |
|---|---|---|
| FM HOLDINGS, LLC, f/k/a | § | IN THE DISTRICT COURT |
| FORWARDMARKET, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BILL MAHONEY; STEPHEN | § | |
| GREGORIO, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## ORIGINAL PETITION

Plaintiff FM Holdings, LLC, f/k/a Forwardmarket, LLC ("Plaintiff") hereby files its

Original Petition against Defendants Bill Mahoney and Stephen Gregorio (collectively,

"Defendants") and shows in support thereof the following:

### Discovery Control Plan

1.      Plaintiff intends for discovery in this case to be conducted under Level 2 as

described by Texas Rule of Civil Procedure 190.

### Parties and Jurisdiction

2.      Plaintiff FM Holdings, LLC, f/k/a Forwardmarket, LLC, is a Texas limited

liability company having its principal place of business in Dallas County, Texas.

3.      Defendant Bill Mahoney ("Mahoney") is a Massachusetts resident having his

principal residence at 179 Clifton Street, Belmont, Massachusetts 02478. Service of citation may

be had upon Defendant Mahoney by personally serving him at his residence or wherever he may

be found.

4.      Defendant Stephen Gregorio ("Gregorio") is a Massachusetts resident having his

principal residence at 11 Donald Road, Burlington, Massachusetts 01803-1502. Service of

**ORIGINAL PETITION - Page 1**

citation may be had upon Defendant Gregorio by personally serving him at his residence or wherever he may be found.

5.      Venue is proper in this Court under Section 15.002(a)(1) of the Texas Practice and Remedies Code, as all or a substantial part of the events or omissions giving rise to the claims asserted herein arose in Dallas County, Texas.

6.      Jurisdiction is proper in this Court as the amount in controversy exceeds the jurisdictional minimums of this Court.

### Factual Background

7.      Prior to January 1, 2003, Plaintiff conducted a business that, among other things, designed, developed, manufactured, marketed, distributed, licensed, and provided maintenance and support for certain software products for retail energy suppliers.

8.      Effective January 1, 2003, Plaintiff entered into an Asset Purchase Agreement (the "Agreement") with Excelergy Corporation ("Excelergy"), pursuant to which Excelergy purchased certain assets and assumed certain liabilities of Plaintiff.

9.      Plaintiff and Excelergy executed the Agreement in counterparts, with Excelergy executing the Agreement in Massachusetts and Plaintiff executing the Agreement in Dallas County, Texas.

10.      Plaintiff entered into the Agreement after several months of negotiations with Excelergy.

11.      During these negotiations, Excelergy was represented by Defendant Mahoney, the then Chief Executive Officer of Excelergy, and Defendant Gregorio, the then Chief Financial Officer of Excelergy.

ORIGINAL PETITION - Page 2

12.     Upon information and belief, Defendants acted in concert and/or with the other's knowledge and approval.

13.     Plaintiff entered into the Agreement based on certain representations and omissions made by Defendants during these negotiations.

14.     Among their misrepresentations and omissions, Defendants represented to Plaintiff that Excelergy's 2002 Third Quarter ("Q3 2002"), which ended September 30, 2002, was the first profitable quarter in Excelergy's history. Defendants made these representations on numerous occasions throughout the negotiations and in advance of the execution of the Agreement (in November and December 2002) in email attachments sent to Plaintiff in Dallas County, Texas, in telephone communications from Massachusetts to Plaintiff in Dallas County, Texas, and in a presentation given to Plaintiff in Massachusetts.

15.     Defendants' representations regarding Excelergy's Q3 2002 financial results – a major milestone for Excelergy – were critical to (a) Plaintiff's determination that Excelergy was a viable, profitable, and healthy company and the appropriate counterparty to the transaction encompassed by the Agreement, and (b) to Plaintiff's allocation of risk regarding consideration within the Agreement.

16.     After Plaintiff's execution of the Agreement, however, Excelergy's auditors (upon information and belief, Ernst & Young LLP) discovered that Excelergy needed to restate its Q3 2002 financial results. Excelergy's restated Q3 2002 financial results showed that Excelergy's Q3 2002 was in fact unprofitable: instead of a profit of approximately $202,000, as Defendants reported to Plaintiff before execution of the Agreement, Excelergy's restated Q3 2002 financial results showed a loss of approximately $262,000, indicating that Excelergy had not actually reached the critical milestone of profitability.

17. Upon information and belief, Excelergy's Q3 2002 financial results needed to be restated based on how certain revenues were booked by Defendants for Excelergy.

18. Defendants' representations to Plaintiff regarding Excelergy's Q3 2002 financial results were a critical factor that induced Plaintiff to enter into the Agreement and the primary factor in Plaintiff's willingness to take Excelergy stock and future royalty payments in lieu of only cash as its consideration under the Agreement.

19. Among their misrepresentations and omissions, Defendants also failed to disclose to Plaintiff before execution of the Agreement that Excelergy had intentionally and prematurely terminated its lease agreement with Boston Properties, Inc. ("BP") for its offices located in Lexington, Massachusetts (the "BP lease"). Upon information and belief, Excelergy breached the BP lease in September 2002 for purely economic reasons; this contingent liability, however, was not itemized or footnoted on Excelergy's Q3 2002 financial results provided to Plaintiff or attached as Schedule 4.05 to the Agreement. Upon information and belief, for Excelergy's breach of the BP lease, BP subsequently received a judgment in the amount of approximately $2.3 million.

20. Plaintiff's lack of knowledge of Excelergy's potential liability for breach of the BP lease was a critical factor that induced Plaintiff to enter into the Agreement. At the time of breach of the BP lease, the contingent liability to Excelergy was as much as twenty percent of its available cash on hand of approximately $11 to $12 million. The impact of this liability was even more significant due to the fact that Excelergy was not yet profitable (as Defendants had represented to Plaintiff).

21. Among their misrepresentations and omissions, Defendants also made numerous representations to Plaintiff during the negotiations (in approximately November and December

2002) that, as shown by Excelergy's Q3 2002 financial results and its 2002 Fourth Quarter ("Q4 2002") operating plan, Excelergy would be "profitable going forward." In fact, Defendant specifically represented to Plaintiff in Dallas County, Texas via telephone, in response to Plaintiff's inquiries, that its Q4 2002 was "going well" and was "on target." However, before execution of the Agreement, Defendants knew, but failed to disclose to Plaintiff, that Excelergy's Q4 2002 financial results were disastrous, resulting in Excelergy losing an estimated $1.8 million for Q4 2002 instead of recording a profit as represented.

22.     Defendants' misrepresentations and omissions regarding Excelergy's Q4 2002 financial results were a critical factor that induced Plaintiff to enter into the Agreement.

23.     Among their misrepresentations and omissions, Defendants also did not disclose to Plaintiff that, prior to the execution of the Agreement, Excelergy had made substantial personal loans (upon information and belief, between $400,000 and $500,000) to Defendant Mahoney. Plaintiff later learned that these loans amounted to as much as four percent (4%) of Excelergy's available cash on hand.

24.     Not only were these personal loans to Defendant Mahoney illustrative of bad business practices, but because these loans were supposed to have been repaid to Excelergy from future bonuses paid to Defendant Mahoney by Excelergy, upon information and belief these loans applied significant pressure on Defendant Mahoney to take shortcuts and reach short-term company milestones to trigger quarterly bonuses.

25.     Thus, Plaintiff's lack of knowledge of Excelergy's personal loans to Defendant Mahoney was a critical factor that induced Plaintiff to enter into the Agreement.

26.     Among their misrepresentations and omissions, Defendants further made representations to Plaintiff during negotiations (in approximately November and December

2002) regarding the value of Excelergy stock that was part of Plaintiff's compensation under the Agreement. Specifically, Defendants represented to Plaintiff that Excelergy's market value was $100 million based on its size, growth, and profitability. In fact, Defendants represented to Plaintiff that Excelergy was regularly communicating with investment bankers regarding Excelergy's market value and prospects for an initial public offering, and with outside venture capitalists regarding their interest in investing capital in Excelergy. As of today, however, Excelergy is for sale and, upon information and belief, Excelergy's combined preferred and common stock is worthless.

27.    Defendants' representations to Plaintiff regarding the value of Excelergy's stock were a critical factor that induced Plaintiff to enter into the Agreement.

28.    Defendants' misrepresentations and omissions to Plaintiff occurred in Massachusetts, but were received by Plaintiff in Dallas County, Texas. Specifically, Defendants communicated their misrepresentations and omissions to Plaintiff in Massachusetts via presentations to and exchanges with Plaintiff in Massachusetts, as well as to Plaintiff in Dallas County, Texas via documents and communications sent to Plaintiff by email, telephone, and facsimile.

29.    Since Plaintiff's execution of the Agreement, Defendant Mahoney has resigned from Excelergy without providing customary notice and, upon information and belief, without repaying the personal loans made to him by Excelergy, and Defendant Gregorio has been fired by Excelergy. Thus, Defendants are no longer Excelergy's Chief Executive Officer or Chief Financial Officer, respectively.

## Causes of Action

### A.   Negligent Misrepresentations

30.   Plaintiff realleges and incorporates by reference as if fully set forth herein all allegations contained in Paragraphs 1-29.

31.   Defendants' misrepresentations and omissions to Plaintiff were made in the course of Excelergy's business.

32.   Defendants' misrepresentations and omissions constituted false information for purposes of inducing Plaintiff to enter into the Agreement.

33.   Defendants failed to exercise reasonable care or competence in communicating their misrepresentations and omissions.

34.   Plaintiff justifiably relied upon Defendants' misrepresentations and omissions, causing it to enter into the Agreement and suffer pecuniary loss as a result.

35.   Plaintiff is therefore entitled to monetary damages in an amount to be determined at trial.

36.   All conditions precedent, if any, necessary to maintain this cause of action have been performed or have occurred.

### B.   The Massachusetts Unfair Trade Practices Act (Chapter 93A)

37.   Plaintiff realleges and incorporates by reference as if fully set forth herein all allegations contained in Paragraph 1-36.

38.   Section 11 of Chapter 93A provides a private cause of action to a person who is engaged in business and who suffers a loss as a result of an unfair or deceptive act or practice by another person also engaged in business.

39.　Chapter 93A applies to Defendants' misrepresentations and omissions regarding the sale or offering for sale of Excelergy stock.

40.　Defendants' misrepresentations and omissions occurred primarily and substantially within Massachusetts.

41.　As a result of Defendants' misrepresentations and omissions regarding Excelergy stock, Plaintiff is entitled to recover money damages in an amount to be determined at trial, including actual damages, and double or treble damages if Defendants' misrepresentations and omissions were willful or knowing; costs; and reasonable attorneys' fees.

42.　All conditions precedent, if any, necessary to maintain this cause of action have been performed or have occurred.

### Prayer

Plaintiff respectfully prays that Defendants be cited to appear and answer, and that upon final hearing, Plaintiff take judgment against Defendants for damages in an amount to be determined at trial, plus prejudgment and postjudgment interest at the highest rate allowed by law, their reasonable and necessary attorneys' fees and costs of suit, and such just and further relief to which they may be entitled.

Respectfully submitted,

Kimberly A. Elkjer
State Bar No. 06527040
Robert M. Millimet
State Bar No. 24025538
Scheef & Stone, LLP
5956 Sherry Lane
Suite 1400
Dallas, Texas 75225
(214) 706-4200
(214) 706-4242 (Fax)

ATTORNEYS FOR PLAINTIFF
FM HOLDINGS LLC, f/k/a FORWARDMARKET,
LLC

# SCHEEF & STONE, L.L.P.

*Legal counsel based on solid principles*

FILED
2004 DEC 20 PH 3: 25
JIM HAMLIN
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

December 20, 2004

04-12672

Mr. Jim Hamlin
Dallas County District Clerk
George L. Allen, Sr. Courts Building
600 Commerce Street
Dallas, Texas 75202

> **Re:** **FM Holdings, LLC, f/k/a Forwardmarket, LLC, Plaintiff v. Bill**
> **Mahoney; Stephen Gregorio, Defendants.**

Dear Mr. Hamlin:

Enclosed please find the original and five copies of an Original Petition in the above-referenced matter. Please file the original and return the copies to us, along with citations for the named defendants. Please call the undersigned at 214.706.4200 as soon as the citations are ready and we will send a courier to pick them up. Enclosed is my firm check in the amount of $196.00 for the filing fee and cost of citations.

Thank you for your assistance in this matter.

Sincerely yours,

Kimberly A. Elkjer

KAE:gs
Enclosures

# FORM NO. 353-3 – CITATION

# THE STATE OF TEXAS

TO:   BILL MAHONEY
      179 CLIFTON STREET
      BELMONT, MA  02478

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 4TH Judicial District Court at the George L. Allen, Sr. Courts Building, 600 Commerce Street, Dallas, Texas 75202-4606. Said Plaintiff being

          FM HOLDINGS LLC FKA

Filed in said Court on the _____ 20TH _____ day of _____ DECEMBER _____ 20 __ 04 __ against

          BILL MAHONEY ETAL, STEPHEN GREGORIO

For suit, said suit being numbered ___ 04-12672-A ___, the nature of which demand is follows:   SUIT ON DAMAGES, ETC...

own on said petition, a copy of which accompanies this citation.

If this citation is not served, it shall be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office this the ___ 20TH ___ day of
DECEMBER

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas County, Texas

By _____
SPRINGE MCKINLEY _____ Deputy

---

**ATTY**                                                          **\*\***

No. ___ 04-12672-A ___

          FM HOLDINGS LLC FKA

# CITATION

                    vs.

          BILL MAHONEY ETAL

**ISSUED**

This 20TH day of DECEMBER 20 04

JIM HAMLIN
Clerk, District Courts,
Dallas County, Texas

By _____
SPRINGE MCKINLEY _____ Deputy

Atty for PLAINTIFF

ROBERT MILLIMET
5956 SHERRY LANE
DALLAS, TX  75225

214/373-1900

DALLAS COUNTY CONSTABLE

FEES PAID

FEES NOT PAID

4

Cause No. 04-12672-A

FM HOLDINGS, LLC,                    §        IN THE DISTRICT COURT
F/K/A FORWARDMARKET, LLC,            §
                                     §
        Plaintiff,                   §
                                     §
vs.                                  §
                                     §        14TH JUDICIAL DISTRICT
BILL MAHONEY and                     §
STEPHEN GREGORIO,                    §
                                     §
        Defendant                    §        DALLAS COUNTY, TEXAS

## SPECIAL APPEARANCE TO PRESENT
## MOTION OBJECTING TO JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Bill Mahoney (hereinafter referred to as "Mahoney"), Defendant in

this cause and makes this special appearance under the authority of the TEX. R. CIV. P.

120a for the purpose of objecting to the jurisdiction of the Court over the person and

property of Defendant, and as grounds therefor would show the Court as follows:

I.

### Purpose of Special Appearance

The special appearance is made to the entire proceeding as such is related to

Mahoney.

II.

### Special Appearance Motion Filed First

This special appearance motion is filed before any motion to transfer or any other

plea, pleading or motion filed by Defendant Bill Mahoney.

III.

## The Court Does Not Have Jurisdiction Over Defendant

This Court does not have jurisdiction over Mahoney, individually, because Mahoney is not amenable to process issued by the courts of Texas for the following reasons:

a.   Mahoney is not now, nor has he ever been, a resident of Texas and is not required to maintain and does not maintain a registered agent for service in Texas.

b.   Mahoney, in his individual capacity, does not now engage and has not engaged in business in Texas or has not committed any tort, in whole or in part, within the state.

c.   Mahoney does not maintain a place of business in Texas and has no employees, servants or agents within the state.

d.   Mahoney has no substantial connection with Texas arising from any action or conduct of Mahoney purposely directed toward Texas.

e.   Plaintiff's claims do not arise from and are not related to any activity conducted by Mahoney in Texas.

f.   Mahoney has no continuing and systematic contacts with Texas.

IV.

## Jurisdiction Deprives Defendant of Due Process

The assumption of jurisdiction by the Court over Mahoney's property would offend traditional notions of fair play and substantial justice, depriving Mahoney of due process as guaranteed by the Constitution of the United States.

For these reasons, Defendant Bill Mahoney requests that the Court set this motion for hearing on notice to Plaintiff FM Holdings, LLC f/k/a Forwardmarket, LLC, and that after hearing the Court grant this motion and dismiss the entire proceeding against Bill Mahoney for want of jurisdiction.

Respectfully submitted,

HOLMAN ROBERTSON ELDRIDGE
5949 Sherry Lane, Suite 1700
Dallas, Texas 75225
Telephone: (214)361-9494
Facsimile: (214)691-2109

By _____
Charles R. Biddle
State Bar Card No. 02299300

Ronald O. Holman
State Bar Card No.: 09903600

ATTORNEYS FOR DEFENDANT BILL MAHONEY

<u>VERIFICATION</u>

STATE OF MASSACHUSETTS  §
                             §
COUNTY OF MIDDLESEX      §

BEFORE ME, the undersigned Notary Public, on this day personally appeared William T. Mahoney, and, after being duly sworn, stated under oath that he is a Defendant in this cause; and that he has read the above special appearance motion; and that every statement contained in the special appearance motion is within his personal knowledge and is true and correct.

_____
WILLIAM T. MAHONEY

SUBSCRIBED AND SWORN TO BEFORE ME on this 13 day of January, 2005.

SHEILA M. WHALEN
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 22, 2009

_____
Notary Public in and for
the State of Massachusetts

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above and foregoing special appearance motion has this day been sent, via certified mail, return receipt requested, to Kimberly A. Elkjer, Scheef and Stone LLP, 5956 Sherry Lane, Suite 1400, Dallas, Texas 75225, on this 19 day of January, 2005.

_____
Charles R. Biddle

SPECIAL APPEARANCE TO PRESENT
MOTION OBJECTING TO JURISDICTION                                 Page 4
H:\wp\05\crb\mahoney\SPEC APP-01.doc

5

Cause No. 04-12672-A

FM HOLDINGS, LLC, § IN THE DISTRICT COURT
F/K/A FORWARDMARKET, LLC, §
§
  Plaintiff, §
§
vs. § 14TH JUDICIAL DISTRICT
§
BILL MAHONEY and §
STEPHEN GREGORIO, §
§
  Defendant § DALLAS COUNTY, TEXAS

## <u>AFFIDAVIT OF WILLIAM T. MAHONEY</u>

STATE OF MASSACHUSETTS §
§
COUNTY OF MIDDLESEX §

BEFORE ME, the undersigned Notary Public, on this day personally appeared William T. Mahoney, who, being by me duly sworn on oath, deposed and said the following:

1. "I am one of the Defendants in the above-styled and numbered cause.

2. "I am a resident of the State of Massachusetts, United States of America, and have been a resident of Massachusetts since 2000. Prior to such time, I was a resident of South Carolina. I have never been a resident of the State of Texas.

3. "At all times relevant to this dispute, I was acting in my capacity as Chief Executive Officer of Excelergy Corporation which was located in Massachusetts and all of my activities with respect to this matter took place in Massachusetts.

4. "I have not been a resident of nor do I have any connection with the State of Texas nor have I in my individual capacity performed any act or consummated any transaction in Texas. Furthermore, a reading of Plaintiff's Original Petition indicates that its alleged cause of action 'occurred primarily and substantially within Massachusetts.' As a result and as indicated herein, the alleged cause of action did not arise in Texas.

5. "During 2002 Plaintiff, through its representative, Kevin Swenke, contacted me in Massachusetts to introduce himself and his company. Kevin Swenke made numerous trips to Boston, Massachusetts to discuss business matters with and make presentations to the company with which I was employed at the time. At no time did I travel to Texas in connection with the matters about which Plaintiff now complains.

6.    I do not maintain a place of business in Texas and I do not have any employees, servants or agents in Texas.

7.    "Every statement contained in this affidavit is within my personal knowledge and is true and correct."

Further Affiant saith not.

_____
WILLIAM T. MAHONEY

SUBSCRIBED AND SWORN TO BEFORE ME on this 13 day of January, 2005.

SHEILA M. WHALEN
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 22, 2009

_____
Notary Public in and for
the State of Massachusetts

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing special appearance motion has this day been sent, via certified mail, return receipt requested, to Kimberly A. Elkjer, Scheef and Stone LLP, 5956 Sherry Lane, Suite 1400, Dallas, Texas 75225, on this 14 day of January, 2005.

_____
Charles R. Biddle

RECEIVED

JAN 26 2005

CLERK, U.S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

# United States District Court
## Northern District of Texas

305 CV 0166-G

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**  ORIGINAL

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | **Court** | **Case Number** |
   | --- | --- |
   | 14th Judicial District Court | 04-12672-A |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | **Party and Party Type** | **Attorney(s)** |
   | --- | --- |
   | Plaintiff:<br>FM Holdings, L.L.C., f/k/a Forward Market, L.L.C. | Kimberly A. Elkjer, SCHEEF & STONE, L.L.P., 5956 Sherry Lane, Suite 1400, Dallas, Texas 75225 |
   | Defendants:<br>Bill Mahoney | Charles R. Biddle, HOLMAN, ROBERTSON, ELDRIDGE, 5949 Sherry Lane, Suite 1700, Dallas, Texas 75225 |
   | Stephen Gregorio | Thomas J. Fisher, SHANNON, GRACEY, RATLIFF & MILLER, L.L.P., 777 Main Street, Suite 3800, Fort Worth, Texas |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?  ☐ Yes  X̲ No

   If "*Yes*," by which party and on what date?

   _____     _____
   Party                                               Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.       **Answer:**

Was an Answer made in State Court?         ☐ Yes        X̲ No

If "*Yes*," by which party and on what date?

_____          _____
Party                                     Date

5.       **Unserved Parties:**

The following parties have not been served at the time this case was removed:

<u>**Party**</u>                                     <u>**Reason(s) for No Service**</u>

N/A

6.       **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

<u>**Party**</u>                                     <u>**Reason**</u>

N/A

7.       **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

<u>**Party**</u>                                     <u>**Claim(s)**</u>

Plaintiff                                 Misrepresentation and violation of the Massachusetts Unfair Trade Practices Act

G (BF)

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| FM Holdings, LLC f/k/a/ Forward Market, LLC | Bill Mahoney, et al. |
| JAN 26 2005 | 305 CV 0166-G |
| CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS | |

**(b)** County of Residence of First Listed Plaintiff    Dallas County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Middlesex County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

ORIGINAL

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kimberly A. Elkjer, Scheef & Stone, 5956 Sherry Lane, Suite 1400, Dallas, Texas 75225 (214) 706-4200

Attorneys (If Known)
Thomas J. Fisher, Shannon, Gracey, Ratliff & Miller, L.L.P. 777 Main Street, Suite 3800, Fort Worth, Tx 76102 (817) 336-9333

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability    ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander    ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine    **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product    ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability    ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability    ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations    ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment    ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities -    ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Misrepresentation and violation of the Massachusetts Unfair Trade Practices Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Undetermined

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE    N/A    DOCKET NUMBER    N/A

DATE
January 25, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____